ELECTRONIC

**JUNE 27, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE # CIV 2008

CREATIVE DESPERATION, INC. F/K/A
PETER LETTERESE & ASSOCIATES, INC.
a Florida Corporation D/B/A
GALILEO SYSTEMS INTERNATIONAL
and PETER LETTERESE INDIVIDUALLY

# 08-CV-60984-Ungaro-Simonton

     Plaintiff(s),

vs.

KENDRICK L. MOXON, MOXON AND KOBRIN PA
CHURCH OF SCIENTOLOGY INTERNATIONAL,
BRIDGE PUBLICATIONS INC.
AMERICAN ARBITRATION ASSOCIATION,
INC.
DR. L. SCOTT BRODY D/B/A BRODY
DENTAL PRACTICE, DR. MARC A.
SCHWARTZ D/B/A SCHWARTZ DENTAL
PRACTICE and DR. DOUGLAS NESS
D/B/A NESS DENTAL PRACTICE,
SIMEON BRIER, ANTOINETTE THEODOSSAKOS
GARY WOODFIELD,
EDWARDS ANGELL PALMER & DODGE LLP
HONORABLE JUDGE RICHARD EADE,
HONORABLE JUDGE ROBERT CARNEY
HONORABLE JUDGE BARRY GOLDSTEIN,
HONORABLE JUDGE JUDITH CHIRLIN,
CLERK OF APPELLATE COURT CENTRAL CALIFORNIA,
MARILYN BEUTTENMULLER, CLERK
OF COURT FOURTH DISTRICT COURT OF
APPEALS FLORIDA
     Defendant(s).

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

_____/

     COMES NOW, Plaintiffs CREATIVE DESPERATION INC. F/K/A PETER

LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO

SYSTEMS INTERNATIONAL and PETER LETTERESE INDIVIDUALLY

("Plaintiffs") files this Complaint for damages and for injunctive

relief against Defendants KENDRICK MOXON ("Moxon"), Moxon & Kobrin

PA ("Moxon & Kobrin"), a California Professional Association,

CHURCH OF SCIENTOLOGY INTERNATIONAL ("Church") a foreign

corporation, BRIDGE PUBLICATIONS INC. ("Bridge") a foreign

corporation, AMERICAN ARBITRATION ASSOCIATION INC. a New York

Corporation, ("AAA") DR. L. SCOTT BRODY D/B/A BRODY DENTAL

PRACTICE, ("Brody") DR. MARC A. SCHWARTZ D/B/A SCHWARTZ DENTAL PRACTICE ("Schwartz") and DR. DOUGLAS NESS D/B/A NESS DENTAL PRACTICE ("Ness"), SIMEON BRIER ("Brier"), ANTONIETTE THEODOSSAKOS ("Theo"), GARY WOODFIELD ("Woodfield") EDWARDS ANGELL PALMER & DODGE LLP, a foreign professional association ("Edwards") HONORABLE JUDGE RICHARD EADE ("Judge Eade"), HONORABLE JUDGE ROBERT CARNEY ("Judge Carney"), HONORABLE JUDGE BARRY GOLDSTEIN ("Judge Goldstein"), Honorable JUDGE JUDITH CHIRLIN ("Judge Chirlin") Clerk of the California Appellate Court Central California ("California Clerk") and MARILYN BEUTTENMULLER as Clerk of the Fourth District Court of Appeals for Florida ("Florida Clerk") and alleges the following:

1. This Court has original subject matter jurisdiction over this proceeding pursuant to 28 USC 1331 on the basis of a Federal question involving violations by Defendants of the 5th and 14th, amendments to the United States Constitution of due process, the Federal Arbitration Act, 9 USC, as well as pendent jurisdiction over state claims.

2. The amount of damages exceeds the sum of $250,000,000.00 exclusive of interest costs and attorney fees.

3. Plaintiff also seeks equitable relief from this Court as well as seeking damages due to the irreparable harm caused by Defendants as set forth below.

4. None of the claims asserted in this action have been judicially sought or determined by any state court, appellate

2

court or any arbitration organization..

     5.   **PLAINTIFFS ARE NOT SEEKING FOR THIS COURT TO EXERCISE APPELLATE JURISDICTION OVER ANY STATE COURT PROCEEDING OR FOR THIS COURT TO VIOLATE ROOKER-FELDMAN DOCTRINE**. Rather, Plaintiffs seek from this Court to redress constitutional violations and statutory, imposed upon them by the Defendants actions in the form of Declaratory relief, injunctive relief and in the form of monetary damages as to private individuals and groups.

     6. Plaintiff Creative Desperation Inc. f/k/a Peter Letterese & Associates Inc. is a Florida citizen as a Florida Corporation ("CDI") organized and existing under the laws of Florida doing its principal place of business in Broward County Florida. The change in Plaintiff CDI legal name was properly registered with the Florida Secretary of State.

     7. Plaintiff Peter Letterese ("Letterese") is an adult over the age of 21, citizen of Broward County Florida. At all material times hereto Plaintiff Peter Letterese has been the principal of Plaintiff CDI.

     8.  Defendant Moxon is an individual adult over the age of 21 believed to be sui juris who is a citizen of California.

     9. Defendant Moxon has appeared before the Florida Courts in a pro hac vice matter against Plaintiffs and thus has sought to invoke the privileges of seeking pecuniary gain in the State of Florida and is subject to the long arm jurisdiction of the State of Florida.  Defendant Moxon has personally appeared in the State of Florida on several occasions and has conducted hearings and at

least one deposition.   Upon information and belief, Defendant Moxon has communicated[1] with the Defendants Brier, Theo, Woodfield, and Edwards concerning Plaintiffs in Florida on a regular and systematic basis.

10. Defendant Moxon & Kobrin is a California professional association and is a citizen of California. All of the acts of Moxon are performed under Defendant Moxon & Kobrin and thus Defendant Moxon & Kobrin is responsible as principal of Defendant Moxon.

11. Defendant Church is a worldwide Church a citizen of California and which has offices in the State of Florida. Defendant Church has purposefully availed itself of conducting business in Florida against Plaintiffs and thus is subject to this Court's in personam jurisdiction.

12. Defendant Bridge is an affiliate of Defendant Church, a citizen of California and which has offices in the State of Florida. Defendant Church has purposefully availed itself of conducting business in Florida against Plaintiffs and thus is subject to this Court's in personam jurisdiction.

13. Defendant AAA is an arbitration association, with its principal place of business and location in the State of New York and is a citizen of New York. Defendant AAA has offices within the State of Florida and conducts business in Broward County Florida on a regular and systematic basis.

---

[1] via "Private Investigator" Eugene Ingram and his affiliated operatives, including Douglas Ness, Flora Ness, Robert Amidon

4

14.   Defendant Brody is an adult over the age of 21 whose is a citizen of the State of Colorado.   At all times material, Defendant Brody operated a dental practice in the State of Colorado.   Defendant Brody has appeared and brought suit against Plaintiffs in Broward County Florida and thus has subjected himself to the jurisdiction of the Courts of Florida.

15.   Defendant Schwartz is an adult over the age of 21 whose and is a citizen of the State of California.   At all times material, Defendant Schwartz operated a dental practice in the State of California.   Defendant Schwartz has appeared and brought suit against Plaintiffs in Broward County Florida and thus has subjected himself to the jurisdiction of the Courts of Florida.

16. Defendant Ness is an adult over the age of 21 whose is a citizen of the State of Alaska.   At all times material, Defendant Ness operated a dental practice in the State of Alaska. Defendant Ness has appeared and brought suit against Plaintiffs in Broward County Florida and thus has subjected himself to the jurisdiction of the Courts of Florida.

17.   Defendant Brier is an individual adult over the age of 21 and is a citizen of the State of Florida, within the Southern District of Florida and is sui juris. At all times Defendant Brier acted for his own interests, for the interests of the Defendant Church and for the interests of Defendants Ness, Schwartz,  Brody and Edwards.   At all times Defendant Theo supervised Defendant Brier for Defendant Edwards.

18.   Defendant Theo is an individual adult over the age of 21

5

and is a citizen of the State of Florida, within the Southern District of Florida and is sui juris. At all times Defendant Theo acted for her own interests, for the interests of the Defendant Church and for the interests of Defendants Ness, Schwartz, Brody and Edwards. At all times Defendant Woodfield supervised Defendants Brier and Theo for Defendant Edwards.

19. Defendant Woodfield is an individual over the age of 21 and is a citizen of the State of Florida, within the Southern District of Florida and is sui juris. At all times, Defendant Woodfield acted for his own interests, for the interests of Defendant Church and for the interests of Defendants Ness, Schwartz, Brody and Edwards.

20. Defendant Edwards is a professional corporation, which is a citizen of the State of Florida and conducts business in the State of Florida. At all times Defendants Edwards employed Defendants Brier and Theo in matters against Plaintiffs including Defendants Ness, Schwartz and Brody. Defendant Edwards actions all occurred in Florida with respect to Plaintiffs. Defendant Edwards responsibility rests as principal of Defendants Brier and Theo.

21. Defendant Judge Eade is being sued in his official capacity as a Circuit Court Judge in the 17th Judicial Circuit in and for Broward County Florida. Defendant Judge Eade is a citizen of Florida within the Southern District of Florida and is sui juris. No damages are being sought against Defendant Judge Eade.

22. Defendant Judge Carney is being sued in his official

6

capacity as a Circuit Court Judge in the 17th Judicial Circuit in and for Broward County Florida. Defendant Judge Carney is a citizen of Florida within the Southern District of Florida and is sui juris. No damages are being sought against Defendant Judge Carney.

23.   Defendant Judge Goldstein is being sued in his official capacity as a Circuit Court Judge in the 17th Judicial Circuit in and for Broward County Florida. Defendant Judge Goldstein is a citizen of Florida within the Southern District of Florida and is sui juris. No damages are being sought against Defendant Judge Goldstein.

24. Defendant Florida Clerk is being sued in her official capacity as a Clerk of the Fourth District Court of Appeals in and for Florida. Defendant Clerk is a citizen of Florida within the Southern District of Florida and is sui juris. No damages are being sought against Defendant Clerk.

25. Defendant Judge Chirlin is being sued in her official capacity as a Superior Court Judge in the County of Los Angeles California Defendant Judge Chirlin is a citizen of California and is sui juris. No damages are being sought against Defendant Judge Chirlin.

26. Defendant California Clerk is being sued in her official capacity as a Clerk of the California Appellate Court Central California. Defendant California Clerk is a citizen of California and is sui juris. No damages are being sought against Defendant California Clerk.

7

27. Venue is proper in the Southern District of Florida in that the events giving rise to each cause of action set forth below all occurred within the Southern District of Florida and that the Defendants Brier, Theo, Edwards, Judge Eade, Judge Goldstein and Florida Clerk are all residents of and conduct business within the Southern District of Florida.

28.    This Court has in personam jurisdiction over the citizens of States other than Florida to wit:, Defendants Moxon, Moxon & Kobrin,  Church, Bridge, Brody, Schwartz, Ness and AAA, Judge Chirlin and California Clerk in that:

a. each Defendant non-citizen, non-official of Florida, conducts business in the State of Florida for pecuniary gain in connection with the state court litigation described below.

b. each Defendant non-citizen of Florida, non official have purposefully availed themselves to come into the State of Florida and benefit from the Florida courts and from the actions of Plaintiffs in Florida.

c. Defendants Brody, Schwartz and Ness entered into contracts to be performed in Broward County, Florida, which breached in Broward in Broward County Florida.

d.    Defendant AAA has agents and offices within the State of Florida.

e. Defendants Church, Bridge, Moxon and Moxon & Kobrin have each come to Florida to seek the benefits of Florida against Plaintiffs.

f. Defendants Judge Chirlin and California Clerk have

8

exercised jurisdiction over Plaintiffs, directed Plaintiffs to act from Florida and have caused injury to Plaintiffs in Florida from their actions against Plaintiffs.

29. Plaintiffs have performed all conditions precedent to its right to seek relief and/or recovery from the Defendants as set forth above, or such conditions have been waived or excused.

COUNT  I  FEDERAL  CONSTITUTIONAL  VIOLATIONS  BOTH  PLAINTIFFS-
ARBITRATION-INJUNCTIVE RELIEF

Plaintiffs reassert and reallege paragraphs 1, 3, 4, 5, 6, 7, 12, 13, 14, 1, 17, 18,. 19, 20, , 24, 27, 28 and 29as if more fully set forth herein and would further allege:

30. This is an action brought for **deprivation of Federal Constitutional Protection afforded to Plaintiffs under the 5th and 14th Amendments to the United States Constitution** for injunctive relief.

31. Plaintiff CDI and Defendants Brody and Schwartz are the only parties to contracts which require that the parties resolve their disputes by means of binding arbitration as provided pursuant to the contract terms and under the authority of the Federal Arbitration Act.

32. Defendant AAA became the forced-upon-CDI arbitrating panel, which arbitrated the Defendants Brody, Schwartz claims with respect to Plaintiffs albeit without any jurisdiction to do so as set forth below.

33. Defendant Judge Eade was assigned to be the Judge for

9

the state cases involving Defendants Brody and Schwartz to oversee the arbitration proceedings as provided under Florida Statute 682.02, 682.03 and 682.04 and 9 USC 3 and 4.

34. Defendant Florida Clerk was assigned to be the appellate court for review for the state cases involving Defendants Brody and Schwartz and Plaintiffs.

35.   The Defendants Brier, Theo, Woodfield and Edwards as attorneys have acted in concert with Defendants Schwartz and Brody in connection with Plaintiffs.

36.   Defendants Brier, Theo, Woodfield and Edwards have acted in concert with Defendants Schwartz and Brody and with Defendant Judge Eade and with the Florida Clerk to deprive Plaintiffs jointly and severally from both procedural and substantive due process rights guaranteed to Plaintiffs under the 5th and 14th Amendment to the United States Constitution.

37. Plaintiffs have never had their contracts with Defendants Brody and Schwartz reviewed, enforced or contested in the manner under which the contracts were required to be considered (i.e., reviewed, enforced or contested), viz., by having neutral arbitrators appointed specifically according to the contract's clear cut terms, by having an arbitration board selected **WHICH WAS MUTUALLY AGREEABLE**, by Plaintiff CDI and Defendants Brody and Defendant Schwartz, thus formed and thereafter to consider whatever issues existed or may have existed between the parties, where said issues were to be addressed pursuant to the contract terms.

10

38. Plaintiff Peter Letterese who has never had a contract with Defendants Brody and Schwartz was improperly found to be required to arbitrate with Defendants AAA, Brody, Schwartz, Brier and Theo, by Defendant Judge Eade and the Florida Clerk, when no hearing on the merits of the issues ever occurred and where no hearing notice was ever timely provided for the issues of objection to confirmation was ever provided and where the Federal Rules of Arbitration were ignored.

39. Even more incredulously, Defendant AAA in the Schwartz proceeding dismissed Plaintiff Peter Letterese but Defendant Judge Eade entered a judgment confirming an arbitration award that was NEVER entered against Plaintiff Peter Letterese at the urging of Defendants Brier, Woodfield, Theo and Edwards and Schwartz.

40.   (a) 9 USC 2 requires that the parties have an agreement requiring arbitration, which the attached contracts provide for arbitration.

(b) Despite that Plaintiff Peter Letterese never had any contractual agreement, Plaintiff Peter Letterese was **compelled** to arbitrate.

(c) This statute was not considered and its Florida Statutory counter part Florida Statute 682.02 was ignored by Defendants Eade, Clerk, Brier, Theo, Woodfield, Edwards, Brody and Schwartz to require a non-party Plaintiff Peter Letterese to arbitrate.

(d) No hearing was ever noticed or conducted to determine that Plaintiff Peter Letterese was non a contracting

11

party with Defendants Brody and Schwartz.

(e) No hearing was ever noticed or conducted to determine that Plaintiff Peter Letterese had never contracted to arbitrate individually.

41. 9 USC 2 and its counterpart Florida Statute 682.02 also provides that the parties to the contract must adhere to the agreement requiring arbitration. Defendants Judge Eade, Florida Clerk, AAA, Brier, Theo, Woodfield, Edwards, Brody and Schwartz have deliberately, maliciously, systematically and continually ignored the contractual terms and conditions as to the dispute resolution and by their actions said Defendants have continued to deprive Plaintiffs of due process for a hearing before a neutral, agreed-upon arbitrator which was never Defendant AAA, a hearing before a neutral Judge which was not Defendant Eade and a review before a neutral appellate court which was denied as well without a hearing or consideration of the merits.

42. Florida Statute 682.03 (3) and 9 USC 4 each provide a Court may stay an arbitration proceeding commenced or about to commenced if the Court finds that no agreement to arbitrate subject to this law exists between the parties and to the parties agreement, (emphasis supplied). These statutes further provide for due process to be heard which due process was denied to Plaintiffs by Defendants Brody, Schwartz, AAA, Judge Eade, Florida Clerk, Edwards, Brier, Woodfield and Theo.

43. Defendant AAA Commercial Rules of Arbitration R-1 provide further that the parties' contract shall control over any

provisions of the Commercial Rules of Arbitration.

44. In the contracts between Plaintiff CDI and Defendants Brody, Schwartz the parties stipulated to the following varying provisions for the arbitration for which the Defendants Brody, Schwartz have contractually agreed to abide and for which Defendant AAA under Rule R-1 attached hereto is also obligated to follow:

a.    The Arbitrator shall not have the power to change the venue as prescribed in the agreement.

b.    Each of the parties shall designate an arbitrator who shall be actively practicing his business or profession and shall have a minimum of ten (10) years experience in the business or profession.   The two (2) arbitrators thus selected shall select a third   arbitrator who shall have the same qualifications. The three (3) arbitrators thus selected shall constitute the panel of arbitrators.   A decision in the arbitration shall be by a majority vote of the arbitrators.

c. The Arbitrators shall follow Florida law in determining the arbitration.

d. In rendering award, the arbitrators shall specify the facts as found by them, the grounds for their decision; and their conclusions on the law applicable to the decision.

e. Except as otherwise provided in this paragraph [the contract], Chapter 682 Florida Statutes shall apply to the arbitration.

f. Evidence by affidavit shall not be accepted. Chapter 90

Florida Statutes [Evidence Code] shall apply to the admission and rejection of evidence.

g. If a party attempts to contest, modify or circumvent this paragraph, the other party shall be entitled to attorney fees and all expenses reasonably incurred in enforcing this paragraph [the contract]. The parties agree that any and all disputes of any kind by and between these parties shall be resolved exclusively by arbitration. This shall include any contract disputes, tort disputes and claims of any kind.

45. Defendants Brier, Theo, Woodfield, Edwards, Brody and Schwartz together denied due process to Plaintiffs by falsely representing that hearings were canceled to deprive Plaintiffs from appearing in Court which falsity secured a default against Plaintiffs, from which Plaintiffs were held thereafter by Defendant Judge Eade and Florida Clerk to have waived its rights in the entire case. This action in depriving Plaintiffs from the Courthouse was a fraudulent denial of basic due process rights to have the opportunity to be heard on the issues. Defendants Judge Eade or Florida Clerk never considered the merits because of this basic denial of due process rights.

46. Defendants AAA, Brody, Schwartz, their agents Brier, Theo, Woodfield and Edwards and by Defendants Judge Eade and Florida Clerk have each failed and refused to abide by the terms of Plaintiff CDI's contracts with Defendants Brody and Schwartz and denied due process to Plaintiffs as Plaintiffs were protected by the 5th and 14th Amendments to the United States Constitution

14

in that:

a. Defendant AAA has never incorporated and refused to incorporate any of the terms set forth in paragraph 40 of this complaint above into their procedures in the arbitration cases filed by the Defendants against the Plaintiffs.

b. Neither the Defendant AAA or its self appointed arbitrators read or reviewed or read the terms set forth in paragraph 44 hereof which terms are set forth in the contracts attached hereto.

c. Defendant AAA provided to the parties a list of their own arbitrators and demanded that the parties choose from the arbitrators by number as opposed to following the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15.

d. Neither Defendant Judge Eade nor the Defendant Florida Clerk followed the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15 and further denied due process to Plaintiffs to consider this issue on the merits or permit a full hearing on same.

e. In Defendant Brody case, only one arbitrator was selected by Defendants AAA at the urging of Defendants Brody, Brier, Theo and Edwards which was contrary to the contract and which violated due process rights to have a hearing before three (3) neutral arbitrators. This action by said Defendants was in

15

derogation of Florida Statute 682.02 and 682.04 and AAA Commercial Rule R-12.

f. AAA Commercial Rule R-12 provides *Defendant AAA may select or appoint arbitrators* which said rule is contrary to the parties contract and contrary to Florida Statute 682.04 and 9 USC 5 which provides if the parties do not follow their contract, the Court and not Defendant AAA must appoint arbitrator which the Defendant AAA has performed in violation of the parties contract and Florida Statute 682.04 and 9 USC 5.  Defendants Schwartz, Brody, Brier, Theo and Edwards, Defendant Judge Eade and Florida Clerk, which violated due process rights to have a hearing before three (3) neutral arbitrators in accordance with the Contract.

g.   The arbitrators without contest or protest, but rather the full support of Brier, Theo, Woodfield, Edwards, Schwartz and Brody  followed the Defendant AAA *"laws"* **but not Florida law or the  Federal Arbitration Act** in violation of the contractual terms in selecting arbitrators and venue and which violated due process rights to have a hearing before three (3) neutral arbitrators.

h. AAA Commercial Rule R-31 provides that the Rules of Evidence are not mandatory, but the parties contract requires that the Arbitrators follow Florida Statute 90 evidence code. Defendants Eade, Florida Clerk, AAA, Brier, Theo, Woodfield, Edwards, Brody and Schwartz violated this due process right.

i. AAA Commercial Rule R-7 usurps the Court's authority under Florida Statute 682.03 and 9 USC 4 to determine whether to compel or stay arbitration and thus violates both Florida law, Plaintiffs

16

due process rights and the parties contract as has been performed by the Defendant AAA requiring Plaintiffs to arbitrate. Defendants Eade, Florida Clerk, AAA, Brier, Theo, Woodfield, Edwards, Brody and Schwartz violated this due process right.

j. The contract provides that the arbitrators shall award all fees and expenses, which is a requirement under Florida Statute 682.11 to grant authority to the arbitrators to determine attorney fees. The Defendant AAA is barred from awarding attorney fees unless contractually permitted to do so. **The Arbitrators did not review the contractual terms or make the contractual terms a part of the rules** and failed to award attorney fees but directed that the Court award fees, which denied Plaintiffs the right to be heard by the arbitrators only on the issues of fees and costs which denied due process to Plaintiffs by Defendants AAA, Defendant Judge Eade, Brier, Theo, Woodfield, Brody and Schwartz.

k. Defendants AAA, Defendant Judge Eade, Brier, Theo, Woodfield, Edwards, Brody and Schwartz denied Plaintiffs the right to be heard and to have due process where AAA Commercial Rules R-1 and Rule R-2 are in conflict with each other. AAA Commercial R-1 pointedly advises contractual parties precisely how to expressly provide for Arbitration before the Defendant AAA, but AAA Commercial Rule R-2 then contradictorily and confusingly states in derogation of FS 682 and 9 USC, differently that if the parties arbitration agreement provides to arbitrate saying no more than it will be "using the AAA rules" (which are published freely, for free and openly on the Internet), the parties have in doing so

"automatically and irrevocably" *appointed* the Defendant AAA[2]. Defendant AAA, Brody, Schwartz, Brier, Theo, Woodfield and Edwards commenced their separate arbitrations without first having a Court order for AAA arbitration which violated Plaintiffs due process rights.

l.    Defendant Judge Eade, Brier, Theo, Woodfield, Edwards, Brody and Schwartz were advised that Judge Patti Henning, who had, in an entirely separate case, one which dealt with separate issues not elsewhere pled or rebutted, entered a Final Judgment finding that Defendant AAA had, under the parties contract no jurisdiction as there was no agreement with Plaintiffs to arbitrate wherein one party could force another to AAA or any non-mutual venue.  Judge Patti Henning ordered further that Defendant AAA was enjoined from any arbitration with Plaintiffs. Judge Patti Henning ordered that any arbitration award not yet confirmed or paid were void. Neither Defendants Brody nor Schwartz arbitration awards were at the time of Judge Henning's final judgment confirmed nor paid.   Judge Henning's Final Judgment is attached.

m.    Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, Defendant Judge Eade at the behest of Defendants Brier, Theo, Woodfield, Edwards, Brody and Schwartz confirmed the Brody and Schwartz arbitration awards which awards

---

[2] Plaintiffs note that if Florida Statute 682.04 were to be observed by Defendant AAA and its arbitrators, along with Defendants Judges Eade and Florida Clerk  even this confusing contradiction would be a matter of routine procedural resolution.

had already been declared null and void by Judge Henning's Final Order - a total denial of due process to Plaintiffs.

n.    Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, Defendant Judge Eade at the behest of Defendants Brier, Theo, Woodfield Edwards, Brody and Schwartz refused to vacate  the Brody and Schwartz arbitration awards which awards had already been declared null and void - a total denial of due process to Plaintiffs

o.    Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, and upon a mere 1 day's notice for sudden inclusion within a 5 minute motion calendar, Defendant Judge Eade at the behest of Defendants Brier, Theo, Woodfield Edwards, Brody and Schwartz refused to vacate the arbitration awards, summarily denied Plaintiff's motions to vacate without providing the Plaintiffs any memoranda or time to prepare, summarily stated without referring to any notes that the Court had heard all of the arguments "ad nauseam" which arguments in fact, could not possibly "have been heard" since certain arguments had not existed earlier; additionally and simultaneously Defendant Judge Eade refused to consider legal arguments relating to the lack of jurisdiction of the Defendant AAA, refused to hear arguments that the arbitrators were not selected in accordance with the parties contractual obligations[3], Defendant Judge Eade

---

[3] Meaning, per se, a refusal to hear arguments according to both

refused to hear arguments that Defendant AAA had not conducted the hearing with due process, refused to continue or postpone the arbitrations and refused to allow a meaningful and properly noticed hearing to Plaintiffs- a denial of due process to Plaintiffs.

p.    Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, and upon 1 day's notice for a 5 minute motion calendar, the Clerk of the Florida Court has refused to  disqualify  Defendant  Judge  Eade  based  upon  24  separate arguments of pre judgment bias all without having conducted a hearing or reviewing the transcript according to the decision attached.  The Florida Clerk did not follow procedures of entering an order to show cause or denying the petition but instead wrote an opinion on  issues that reflected a denial of due process to Plaintiffs to be heard on the issues presented.

47. By failing to follow its own rules, by failing to follow the contractual terms, by failing to follow the mandates of Florida Statute 682 and 9 USC, Defendant AAA has not provided a proper forum for arbitration of the disputes between the parties all as set forth in paragraph 42 of this complaint and denied due process to Plaintiffs.  Defendant AAA was never a proper body to be the arbitration board as Plaintiffs never contracted with Defendant AAA or with any of the Defendants for AAA to arbitrate with Plaintiffs.    Further Defendant AAA had at no time any

Florida law and Federal Arbitration law.

jurisdiction over Plaintiffs as confirmed by Judge Patti Henning's Final Judgment.

48. By failing to follow its own rules, by failing to follow the contractual terms, by failing to follow the mandates of Florida Statute 682 and 9 USC , Defendant Judge Eade has not provided a proper forum for arbitration of the disputes between the parties all as set forth in paragraph 42 of this complaint and denied due process to Plaintiffs. As such, Defendant Eade lacked the proper authority to complete his official tasks as Judge over a void arbitration as confirmed by Judge Patti Henning's Final Judgment.

49. By failing to follow its own rules, by failing to follow the contractual terms, by failing to follow the mandates of Florida Statute 682 and 9 USC  Defendant Florida Clerk has not provided a proper forum for arbitration of the disputes between the parties all as set forth in paragraph 42 of this complaint and denied due process to Plaintiffs. As such Defendant Florida Clerk lacked the proper authority to complete his official tasks as the Appellate body over a void arbitration as confirmed by Judge Patti Henning's Final Judgment.

50. By failing to provide due process to Plaintiffs in hearings on the issues of arbitration, to compel arbitration, to determine the proper parties to arbitration, to determine the scope of the arbitrators authority, to determine the proper arbitrating body, to appoint the arbitrators pursuant to the contractual terms, Plaintiffs due process rights were violated by

21

Defendants Brody, Schwartz, Brier, Theo, Woodfield and Edwards.

51.   Plaintiffs are requesting this Court order that Defendants Brody and Schwartz abide by the terms of the parties contracts, by Florida Statute 682, 9 USC 1-14, by the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

52.   Plaintiffs have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiffs, before the Defendant AAA, by the Defendant AAA refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

.53   Plaintiffs have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiffs, before the Defendant Judge Eade, by the Defendant Eade refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

54.   Plaintiffs have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiffs, before the Defendant Florida Clerk, by the Defendant Florida Clerk refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC and failure to follow the Commercial

22

Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

55. Unless this Court enters an injunction stopping all legal proceedings in the State and Appellate Courts involving Plaintiffs, Defendants Brody, Schwartz Plaintiffs rights of due process will continue to be trampled upon, denied, ignored, violated and destroyed.

56. Plaintiffs have no adequate remedy at law as damages for the due process denials can not be determined nor are any damages adequate to Plaintiffs for the due process denials that are continuing by Defendants AAA, Defendant Judge Eade, Florida Clerk, Brody, Schwartz, Brier, Theo, Edwards and Edwards.

57. Plaintiffs have suffered and are continuing to suffer irreparable harm by the denial of due process by Defendants AAA, Defendant Judge Eade, Florida Clerk, Brody, Schwartz, Brier, Theo, Woodfield and Edwards as they have been denied their day in Court and due process.

58. The refusal of Defendants AAA, Defendant Judge Eade, Florida Clerk, Brody, Schwartz, Brier, Theo, Woodfield and Edwards to adhere to Judge Patti Henning's straightforward Final Judgment is a denial of due process to Plaintiffs. Public Policy requires that this Court enjoin all state court proceedings other than Judge Henning's and require due process to be afforded to Plaintiffs including full faith and credit afforded to the final judgment entered by Judge Patti Henning declaring no arbitration

23

before Defendant AAA and Plaintiffs, that the arbitrations are null and void with Defendants AAA and Plaintiffs.

WHEREFORE Plaintiffs CREATIVE DESPERATION, INC. F/K/A PETER LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO SYSTEMS INTERNATIONAL and PETER LETTERESE INDIVIDUALLY respectfully requests that this Court enter a temporary, preliminary and permanent injunction against Defendants AMERICAN ARBITRATION ASSOCIATION INC. a New York Corporation, DR. L. SCOTT BRODY D/B/A BRODY DENTAL PRACTICE, DR. MARC A. SCHWARTZ D/B/A SCHWARTZ DENTAL PRACTICE, SIMEON BRIER, ANTONIETTE THEODOSSAKOS, GARY WOODFIELD, EDWARDS ANGELL PALMER & DODGE LLP, HONORABLE JUDGE RICHARD EADE, CLERK OF COURT FOURTH DISTRICT COURT OF APPEALS FLORIDA, jointly and severally, enjoining all legal proceedings and arbitration proceedings with Plaintiffs, enjoining the enforcement of all arbitration awards entered without jurisdiction by Defendant AMERICAN ARBITRATION ASSOCIATION, enjoining all judgments entered against Plaintiffs, requiring due process to be afforded to Plaintiffs, to order arbitrations to be conducted in accordance with the parties contracts with Defendant AMERICAN ARBITRATION ASSOCIATION INC, to order arbitrators to be selected as the Plaintiffs BRODY AND SCHWARTZ contracts require, to order that this Court oversee the arbitrations and arbitrators selections, to order that due process be afforded and guaranteed to Plaintiffs, court costs, and other relief as this Court deems proper.

24

COUNT II FEDERAL CONSTITUTIONAL VIOLATIONS BOTH PLAINTIFFS-ARBITRATION--DAMAGES

Plaintiffs reassert and reallege paragraphs 1, 2, 4 through 10, 12-14, 16-20, 24 27-29 as if more fully set forth herein and would further allege:

59. This is an action brought for deprivation of Federal Constitutional Protection afforded to Plaintiffs under the 5th and 14th Amendments to the United States Constitution for damages.

60. The Plaintiff Creative Desperation f/k/a Peter Letterese & Associates Inc. and Defendants Brody and Schwartz are parties to contracts which require that the parties resolve their disputes by means of binding arbitration as provided pursuant to the contract terms and under the authority of the Federal Arbitration Act.

61. Defendant AAA became the arbitrating panel, which arbitrated the Defendants Brody, Schwartz claims as to Plaintiffs albeit without any jurisdiction to do so as set forth herein. A claim is being made against Defendant AAA in this Count for damages due to their acting without any jurisdiction to do so.

62. Defendant Judge Eade was assigned to be the Judge for the state cases involving Defendants Brody and Schwartz with Plaintiffs with respect to the arbitration issues. No claim is being made against Defendant Judge Eade in this Count for damages but the factual allegation is required as to the remaining Defendants for Count II.

63. Defendant Florida Clerk was assigned to be the appellate judge for the state cases involving Defendants Brody and Schwartz

25

with Plaintiffs with respect to the arbitration issues. No claim is being made against Defendant Clerk in this Count for damages but the factual allegation is required as to the remaining Defendants for Count II.

64.   The Defendants Brier, Theo, Woodfield and Edwards as attorneys have acted in concert with Defendants Schwartz and Brody in connection with Plaintiffs.

65. The Defendants Brier, Theo, Woodfield and Edwards have acted in concert with Defendants Schwartz and Brody and with Defendant Judge Eade and with the Florida Clerk to assist said Defendants in their official capacities, to deprive Plaintiffs jointly and severally from both procedural and substantive due process rights guaranteed to  Plaintiffs under the 5th and 14th Amendment to the United States Constitution.

66. Upon information and belief Defendants Moxon, Moxon & Kobrin and Church conspired with Defendants Brier, Theo and Edwards via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, to be engaged by Defendants Brody and Schwartz (through a 3rd former client of Plaintiff CDI, Douglas Ness and Flora Ness, to bring the actions against Plaintiffs and to deprive Plaintiffs of their due process.

67. Upon information and belief Defendants Moxon, Moxon & Kobrin and Church conspired with Defendants Brier, Theo and Edwards via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, to be

26

engaged by Defendants Brody and Schwartz to bring the actions against Plaintiffs and to deprive Plaintiffs of their due process for the avowed purpose of ruining Plaintiffs financially to bring them to bankruptcy and utter destruction.

68. Upon information and belief Defendants Moxon, Moxon & Kobrin and Church conspired via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, with Defendants Brier, Theo and Edwards to be engaged by Defendants Brody and Schwartz to bring the actions against Plaintiffs and to deprive Plaintiffs of their due process by carefully selecting the attorneys for Defendants Brody and Schwartz, by directing their actions, by assisting directly and indirectly (including by the provision of "incentives" for all of these, via and/or along with Ness in helping to defray the legal expense for Defendants Brody and Schwartz for the avowed purpose of ruining Plaintiffs financially to bring them to bankruptcy and utter destruction.

69. Plaintiffs have never had their contracts with Defendants Brody and Schwartz reviewed, enforced or contested in the manner that the contracts required: i.e., to be considered by having neutral arbitrators appointed according to the contract terms, which significantly included/includes having an arbitration board mutually selected by Plaintiffs and Defendants Brody and Defendant Schwartz consider the issues, where the issues were to be addressed pursuant to the contract terms.

70. Plaintiff Peter Letterese, individually who has never had

27

a contract with Defendants Brody and Schwartz was found to be required to arbitrate with Defendants AAA, Brody, Schwartz, Brier, Woodfield and Theo by Defendant Judge Eade and the Florida Clerk, when no hearing on the merits of the issues ever occurred and where no hearing notice was ever timely provided for the issues of objection to confirmation was ever provided and where the Federal Rules of Arbitration were ignored.

71. Defendants Moxon, Moxon & Kobrin, Church conspired via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, with Defendants Brody, Schwartz, Brier, Woodfield and Theo to deny Plaintiff Peter Letterese due process by falsely denying Plaintiff Peter Letterese a day in Court and denying to him systematically any due process rights.

72. (a) 9 USC 2 requires that the parties have an agreement requiring arbitration which the attached contracts provide for arbitration.

(b) Despite that Plaintiff Peter Letterese never had any contractual agreement, Plaintiff Peter Letterese was compelled to arbitrate.

(c) This statute was not considered and its Florida Statutory counter part Florida Statute 682.02 was ignored by Defendants Eade, Clerk in their official capacities and by Brier, Theo, Edwards, Woodfield Brody and Schwartz with the assistance of Moxon, Moxon & Kobrin and Church to require a non party Plaintiff Peter Letterese to arbitrate.

28

(d) No hearing was ever noticed or conducted to determine that Plaintiff Peter Letterese was not a contracting party with Defendants Brody and Schwartz.

(e) No hearing was ever noticed or conducted to determine that Plaintiff Peter Letterese had never agreed to arbitrate individually.

73. 9 USC 2 and its counterpart Florida Statute 682.02 also provides that the parties to the contract must adhere to the agreement requiring arbitration. Defendants Eade, Florida Clerk, AAA in their official capacities, Brier, Theo, Edwards, Brody and Schwartz with the direction, guidance and financial support of Defendants Moxon, Moxon & Kobrin and Church have systematically and continually ignored the contractual terms and conditions as to the dispute resolution and by their actions said Defendants have continued to deprive Plaintiffs of due process for a hearing before a neutral agreed upon arbitrator which was not Defendant AAA, a hearing before a neutral Judge which was not Defendant Eade and a review before a neutral appellate court which was denied as well without a hearing or consideration of the merits.

74. Florida Statute 682.03 (3) and 9 USC 4 each provide a Court may stay an arbitration proceeding commenced or about to commenced if the Court finds that no agreement to arbitrate subject to this law exists between the parties and to the parties agreement, (emphasis supplied). These statutes further provide for due process to be heard which due process Defendants Brody, Schwartz, AAA, Defendant Judge Eade, Florida Clerk, Edwards,

29

Brier, Woodfield and Theo denied to Plaintiffs.

75.    Defendant  AAA  Commercial  Rules  of  Arbitration  R-1 provide further that the parties' contract shall control over any provisions of the Commercial Rules of Arbitration.

76. In the contracts between Plaintiff CDI and Defendants Brody, Schwartz the parties stipulated to the following varying provisions for the arbitration for which the Defendants Brody, Schwartz have contractually agreed to abide and for which Defendant AAA under Rule R-1 attached hereto is also obligated to follow:

a.    The Arbitrator shall not have the power to change the venue as prescribed in the agreement.

b.    Each of the parties shall designate an arbitrator who shall be actively practicing his business or profession and shall have a minimum of ten (10) years experience in the business or profession.  The two (2) arbitrators thus selected shall select a third arbitrator who shall have the same qualifications. The three (3) arbitrators thus selected shall constitute the panel of arbitrators.  A decision in the arbitration shall be by a majority vote of the arbitrators.

c. The Arbitrators shall follow Florida law in determining the arbitration.

d. In rendering award, the arbitrators shall specify the facts as found by them, the grounds for their decision; and their conclusions on the law applicable to the decision.

e. Except as otherwise provided in this paragraph [the

contract], Chapter 682 Florida Statutes shall apply to the arbitration.

f. Evidence by affidavit shall not be accepted. Chapter 90 Florida Statutes [Evidence Code] shall apply to the admission and rejection of evidence.

g. If a party attempts to contest, modify or circumvent this paragraph, the other party shall be entitled to attorney fees and all expenses reasonably incurred in enforcing this paragraph [the contract]. The parties agree that any and all disputes of any kind by and between these parties shall be resolved exclusively by arbitration. This shall include any contract disputes, tort disputes and claims of any kind.

77. Defendants Brier, Theo, Woodfield Edwards, Brody and Schwartz, aided by Defendants Moxon, Moxon & Kobrin and Church together denied due process to Plaintiffs by falsely representing that hearings were canceled to deprive Plaintiffs from appearing in Court which falsity secured a default against Plaintiffs, from which Plaintiffs were held thereafter by Defendant Judge Eade and Florida Clerk to have waived its rights in the entire case. This action in depriving Plaintiffs from the Courthouse was fraud and is a denial of basic due process rights to have the opportunity to be heard on the issues. Defendants Defendant Judge Eade or Florida Clerk never considered the merits because of this basic denial of due process rights.

78. Defendants AAA, Brody, Schwartz, their agents Brier, Theo and Edwards, aided and guided and conspired via their 3-decade-

31

long and continued relationship with Private Investigator Eugene Ingram and by other means, by Defendants Moxon, Moxon & Kobrin and Church have each failed and refused to abide by the terms of Plaintiff CDI. contracts with Defendants Brody and Schwartz and denied due process to Plaintiffs as Plaintiffs were protected by the 5th and 14th Amendments to the United States Constitution in that:

a.  Defendant AAA has never incorporated and refused to incorporate any of the terms set forth in paragraph 40 of this complaint above into their procedures in the arbitration cases filed by the Defendants against the Plaintiffs.

b.  Neither the Defendant AAA or its self appointed arbitrators read or reviewed or read the terms set forth in paragraph 44 hereof which terms are set forth in the contracts attached hereto.

c. Defendant AAA provided to the parties a list of their own arbitrators and demanded that the parties choose from the arbitrators by number as opposed to following the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15.

d.  Neither Defendant Judge Eade nor the Florida Clerk followed the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15 and further denied due process to Plaintiffs to consider this issue on the

32

merits or permit a full hearing on same.

      e.    In Defendant Brody case, only one arbitrator was selected by Defendants AAA at the urging of Defendants Brody, Brier, Theo and Edwards which was contrary to the contract and which violated due process rights to have a hearing before three (3) neutral arbitrators. This action by said Defendants was in derogation of Florida Statute 682.02 and 682.04 and AAA Commercial Rule R-12.

      f. AAA Commercial Rule R-12 provides Defendant AAA may select or appoint arbitrators which said rule is contrary to the parties contract and contrary to Florida Statute 682.04 and 9 USC 5 which provides if the parties do not follow their contract, the Court and not Defendant AAA must appoint arbitrator which the Defendant AAA has performed in violation of the parties contract and Florida Statute 682.04 and 9 USC 5. Defendants Schwartz, Brody, Brier, Theo and Edwards, Defendant Judge Eade and Florida Clerk, which violated due process rights to have a hearing before three (3) neutral arbitrators in accordance with the Contract.

      g.    The arbitrators followed the Defendant AAA *"laws"* and not Florida law in violation of the contractual terms in selecting arbitrators and venue and which violated due process rights to have a hearing before three (3) neutral arbitrators.

      h.  AAA Commercial Rule R-31 provides that the Rules of Evidence are not mandatory, but the parties contract requires that the Arbitrators follow Florida Statute 90 evidence code. Defendants Judge Eade, Florida Clerk, AAA, Brier, Theo, Woodfield,

Edwards, Brody and Schwartz violated this due process right.

i. AAA Commercial Rule R-7 usurps the Court's authority under Florida Statute 682.03 and 9 USC 4 to determine whether to compel or stay arbitration and thus violates both Florida law, Plaintiffs due process rights and the parties contract as has been performed by the Defendant AAA requiring Plaintiffs to arbitrate. Defendants Eade, Florida Clerk, AAA, Brier, Theo, Edwards, Woodfield Brody and Schwartz violated this due process right.

j. The contract provides that the arbitrators shall award all fees and expenses, which is a requirement under Florida Statute 682.11 to grant authority to the arbitrators to determine attorney fees. The Defendant AAA is barred from awarding attorney fees unless contractually permitted to do so. The Arbitrators did not review the contractual terms nor make the contractual terms a part of the rules and although they failed to award attorney fees they nevertheless improperly directed that the Court award fees, which denied Plaintiffs the right to be heard by the arbitrators only on the issues of fees and costs which denied due process to Plaintiffs by Defendants AAA, Defendant Judge Eade, Brier, Theo, Woodfield, Brody and Schwartz.

k. Defendants AAA, Defendant Judge Eade, Brier, Theo, Brody and Schwartz denied Plaintiffs the right to be heard and to have due process where AAA Commercial Rules R-1 and Rule R-2 are in conflict between them. AAA Commercial R-1 pointedly advises contractual parties precisely how to expressly provide for Arbitration before the Defendant AAA, but AAA Commercial Rule R-2

34

then contradictorily and confusingly states in derogation of FS 682 and 9 USC, differently that if the parties arbitration agreement provides to arbitrate saying no more than it will be "using the AAA rules" (which are published freely, for free and openly on the Internet),the parties have in doing so "automatically and irrevocably" *appointed* the Defendant AAA. Defendant AAA, Brody, Schwartz, Brier, Woodfield, Theo and Edwards commenced the arbitration without first having a Court order for AAA arbitration which violated Plaintiffs due process rights.

l.    Defendant Judge Eade, Brier, Woodfield, Theo, Edwards, Brody and Schwartz were advised that Judge Patti Henning entered a Final Judgment finding that Defendant AAA had no jurisdiction as there was no agreement with Plaintiffs to arbitrate. Judge Patti Henning ordered that Defendant AAA was enjoined from any arbitration with Plaintiffs. Judge Patti Henning ordered that any arbitration award not confirmed or paid was void. The Final Judgment is attached.

m.    Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, Defendant Judge Eade at the behest of Defendants Brier, Woodfield Theo, Edwards, Brody and Schwartz confirmed the Brody and Schwartz arbitration awards which awards had already been declared null and void- a total denial of due process to Plaintiffs.

n.    Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge

35

Patti Henning's Final Judgment, Defendant Judge Eade at the behest of Defendants Brier, Woodfield, Theo, Edwards, Brody and Schwartz refused to vacate his final judgment confirming the Brody and Schwartz arbitration awards which awards had already been declared null and void- a total denial of due process to Plaintiffs.

o.      Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, and upon 1 day's notice for a 5 minute motion calendar, Defendant Judge Eade at the behest of Defendants Brier, Theo, Woodfield, Edwards, Brody and Schwartz refused to vacate the arbitration awards, summarily denied Plaintiff's motions to vacate without any memoranda or time to prepare, summarily stated without referring to any notes that the Court had heard all of the arguments "ad nauseam" which arguments could not have been heard since certain arguments had not existed, refused to consider legal arguments relating to the lack of jurisdiction of the Defendant AAA, refused to hear arguments that the arbitrators were not selected in accordance with the parties contractual obligations, refused to hear arguments that Defendant AAA had not conducted the hearing with due process, refused to continue or postpone the arbitrations and refused to allow a meaningful and properly noticed hearing to Plaintiffs- a denial of due process to  Plaintiffs.

p.      Notwithstanding that neither the Brody nor Schwartz arbitration awards had been confirmed or paid at the time of Judge Patti Henning's Final Judgment, and upon 1 day's notice for a 5

minute motion calendar, the Clerk of the Florida Court has refused to disqualify Defendant Judge Eade based upon 24 separate arguments of pre judgment bias all without having conducted a hearing or reviewing the transcript according to the decision attached. The Florida Clerk did not follow procedures of entering an order to show cause or denying the petition but instead wrote an opinion on  issues that reflected a denial of due process to Plaintiffs to be heard on the issues presented.

78. By failing to provide due process to Plaintiffs in hearings on the issues of arbitration, to compel arbitration, to determine the proper parties to arbitration, to determine the scope of the arbitrators authority, to determine the proper arbitrating body, to appoint the arbitrators pursuant to the contractual terms, Plaintiffs due process rights were violated by Defendants Brody, Schwartz, Brier, Woodfield, Theo and Edwards and with the guidance, assistance and conspiracy actions of Defendants Moxon, Moxon & Kobrin and Church.

79. Plaintiffs have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiffs, **before the Defendant AAA, by the Defendant AAA refusal** to follow the parties contract, failure to follow Florida Statute 682, 9 USC and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

80. Plaintiffs have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiffs, **before**

**the Defendant Judge Eade, by the Defendant Judge Eade refusal** to follow the parties contract, failure to follow Florida Statute 682, 9 USC  and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

81.   Plaintiffs have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiffs, **before the Defendant Florida Clerk, by the Defendant Florida Clerk refusal** to follow the parties contract, failure to follow Florida Statute 682, 9 USC and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

82.   Plaintiffs have suffered damages which damages are continuing in nature by the repeated denial of due process caused by Defendants Moxon, Moxon & Kobrin, Church, Brier, Theo, Woodfield Edwards, AAA, Brody and Schwartz including but not limited to:

  a. loss of income.

  b. loss of reputation.

  c. entry of judgments, which were without due process.

  d. loss of business.

  e. credit damaged.

  f. to file bankruptcy

  g. loss of respect in the legal, dental and Church community

h. to be terrorized.

i. incurring legal fees to defend any arbitration and to vacate same.

j. preparing for an arbitration, which is plainly void due to the Defendant AAA refusal to incorporate the contract terms to the Commercial Rules of Arbitration and refusing to incorporate the requirements of Florida Statute 682 to the Commercial Rules of Arbitration.

k. damaging the reputation of the Plaintiff CDI as a service provider in the dental medical field if Plaintiff CDI are required to participate in an arbitration, which is void.

l. causing more customers of the Plaintiff CDI to seek to bring improper arbitration claims before the Defendant AAA.

m. forcing the Plaintiff CDI to contravene its own contracts terms of arbitration.

n. causing the Plaintiff CDI contracts to be unilaterally varied such that the contracts may be ignored by Defendants and others with impunity.

o. harassment

p. mental anguish and distress to Plaintiff Peter Letterese

WHEREFORE Plaintiffs CREATIVE DESPERATION, INC. F/K/A PETER LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO SYSTEMS INTERNATIONAL and PETER LETTERESE INDIVIDUALLY respectfully requests that this Court enter a compensatory judgment jointly and severally, against Defendants KENDRICK MOXON, MOXON AND KOBRIN PA, CHURCH OF SCIENTOLOGY, AMERICAN ARBITRATION

ASSOCIATION INC. a New York Corporation, DR. L. SCOTT BRODY D/B/A BRODY DENTAL PRACTICE, DR. MARC A. SCHWARTZ D/B/A SCHWARTZ DENTAL PRACTICE, SIMEON BRIER, ANTONIETTE THEODOSSAKOS, GARY WOODFIELD, EDWARDS ANGELL PALMER & DODGE LLP, interest, court costs, and other relief as this Court deems proper.

## COUNT III FEDERAL CONSTITUTIONAL VIOLATIONS PLAINTIFF CDI-ARBITRATION-INJUNCTIVE RELIEF

Plaintiffs reassert and reallege paragraphs 1, 3, 4, 5, 6, 12, 15, 16, 17, 18. 19,20, 22, 24, 27, 28 and 29 as if more fully set forth herein and would further allege:

83. This is an action brought for deprivation of Federal Constitutional Protection afforded to Plaintiff CDI under the 5th and 14th Amendments to the United States Constitution for injunctive relief.

84. Plaintiff CDI and Defendant Ness are parties to a contract which requires that the parties resolve their disputes by means of binding arbitration as provided pursuant to the contract terms and under the authority of the Federal Arbitration Act.

85. Defendant AAA became the arbitrating panel, which seeks to arbitrate the Defendants Ness claims with Plaintiff CDI.

86. Defendant Florida Clerk was assigned to be the appellate court for the state case involving Defendant Ness and Plaintiff CDI.

87. The Defendants Brier, Theo and Edwards as attorneys have

40

acted in concert with Defendant Ness in connection with Plaintiff CDI.

88. Defendant Judge Robert Carney ("Judge Carney") is the presiding Judge to oversee the claims between Plaintiff CDI and Ness.

89. The Defendants Brier, Theo, Woodfield and Edwards have acted in concert with Defendant Ness with Judge Carney and with the Florida Clerk to deprive Plaintiff CDI from both procedural and substantive due process rights guaranteed to Plaintiff CDI under the 5th and 14th Amendment to the United States Constitution.

90. Plaintiff CDI have never had their contract with Defendant Ness reviewed, enforced or contested in the manner that the contracts were required to be considered by having neutral arbitrators appointed according to the contract terms, by having an arbitration board selected by Plaintiff CDI and Defendant Ness consider the issues, where the issues were to be addressed pursuant to the contract terms.

91. 9 USC 2 and its counterpart Florida Statute 682.02 also provides that the agreement requiring arbitration must be adhered to by the parties to the contract. Defendants Florida Clerk, AAA, Brier, Theo, Woodfield Edwards, Ness have systematically and continually ignored the contractual terms and conditions as to the dispute resolution and by their actions said Defendants have continued to deprive Plaintiff CDI of due process for a hearing before a neutral agreed upon arbitrator which was not Defendant

41

AAA, a hearing before a neutral Judge which was not Defendant Eade and a review before a neutral appellate court which was denied as well without a hearing or consideration of the merits.

92.    Florida Statute 682.03 (3) and 9 USC 4 each provide a Court may stay an arbitration proceeding commenced or about to commenced if the Court finds that no agreement to arbitrate subject to this law exists between the parties and to the parties agreement, (emphasis supplied).  These statutes further provide for due process to be heard which due process Defendant Judge Carney, Defendant Ness, Florida Clerk, Edwards, Brier and Theo denied to Plaintiff CDI.

93.    Defendant AAA Commercial Rules of Arbitration R-1 provide further that the parties contract shall control over any provisions of the Commercial Rules of Arbitration.

94. In the contracts between Plaintiff CDI and Defendant Ness the parties stipulated to the following varying provisions for the arbitration for which the Defendant Ness have contractually agreed to abide and for which Defendant AAA under Rule R-1 attached hereto is also obligated to follow:

a.    The Arbitrator shall not have the power to change the venue as prescribed in the agreement.

b.    Each of the parties shall designate an arbitrator who shall be actively practicing his business or profession and shall have a minimum of ten (10) years experience in the business or profession.  The two (2) arbitrators thus selected shall select a third arbitrator who shall have the same qualifications. The three

42

(3) arbitrators thus selected shall constitute the panel of arbitrators.  A decision in the arbitration shall be by a majority vote of the arbitrators.

c. The Arbitrators shall follow Florida law in determining the arbitration.

d. In rendering award, the arbitrators shall specify the facts as found by them, the grounds for their decision; and their conclusions on the law applicable to the decision.

e. Except as otherwise provided in this paragraph [the contract], Chapter 682 Florida Statutes shall apply to the arbitration.

f. Evidence by affidavit shall not be accepted. Chapter 90 Florida Statutes [Evidence Code] shall apply to the admission and rejection of evidence.

g. If a party attempts to contest, modify or circumvent this paragraph, the other party shall be entitled to attorney fees and all expenses reasonably incurred in enforcing this paragraph [the contract]. The parties agree that any and all disputes of any kind by and between these parties shall be resolved exclusively by arbitration. This shall include any contract disputes, tort disputes  and claims of any kind.

95. Defendants AAA, Ness, their agents Brier, Woodfield, Theo and Edwards, Florida Clerk have each failed and refused to abide by the terms of Plaintiff CDI contracts with Defendant Ness and denied due process to Plaintiff CDI as Plaintiff CDI were protected by the 5th and 14th Amendments to the United States

43

Constitution in that:

a. Defendant AAA has never incorporated and refused to incorporate any of the terms set forth in this complaint above into their procedures in the arbitration cases filed by the said Defendants against the Plaintiff CDI.

b. Neither the Defendant AAA or its self appointed arbitrators read or reviewed or read the terms set forth in the complaint which terms are set forth in the contracts attached hereto.

c. Defendant AAA provided to the parties a list of their own arbitrators and demanded that the parties choose from the arbitrators by number as opposed to following the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15.

d. Neither Defendant Judge Carney nor the Defendant Florida Clerk followed the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15 and further denied due process to Plaintiff CDI to consider this issue on the merits or permit a full hearing on same.  In fact Defendant Clerk refused to hear the issue in any matter on the merits.

e. AAA Commercial Rule R-12 provides Defendant AAA may select or appoint arbitrators which said rule is contrary to the parties contract and contrary to Florida Statute 682.04 and 9 USC 5 which provides if the parties do not follow their contract, the Court

44

and not Defendant AAA must appoint arbitrator which the Defendant AAA has performed in violation of the parties contract and Florida Statute 682.04 and 9 USC 5.   Defendants Ness, Brier, Theo and Edwards, and Florida Clerk, which violated due process rights to have a hearing before three (3) neutral arbitrators in accordance with the Contract.

f.   The arbitrators followed the Defendant AAA *"laws"* and not Florida law in violation of the contractual terms in selecting arbitrators and venue and which violated due process rights to have a hearing before three (3) neutral arbitrators.

g. AAA Commercial Rule R-31 provides that the Rules of Evidence are not mandatory, but the parties contract requires that the Arbitrators follow Florida Statute 90 evidence code. Defendants Florida Clerk, AAA, Brier, Theo, Woodfield Edwards, and Ness violated this due process right.

h. AAA Commercial Rule R-7 usurps the Court's authority under Florida Statute 682.03 and 9 USC 4 to determine whether to compel or stay arbitration and thus violates both Florida law, Plaintiff CDI due process rights and the parties contract as has been performed by the Defendant AAA requiring Plaintiff CDI to arbitrate.   Defendants Florida Clerk, AAA, Brier, Theo, Edwards, and Ness violated this due process right.

i. Defendants AAA, Brier, Theo, Ness denied Plaintiff CDI the right to be heard and to have due process where AAA Commercial Rules R-1 and Rule R-2 are in conflict between them. AAA Commercial R-1 pointedly advises contractual parties precisely how

45

to <u>expressly provide for Arbitration before the Defendant AAA,</u> but AAA Commercial Rule R-2 then contradictorily and confusingly states in derogation of FS 682 and 9 USC, differently that if the parties arbitration agreement provides to arbitrate saying no more than it will be "using the AAA rules" (which are published freely, for free and openly on the Internet), the parties have in doing so "automatically and irrevocably" *appointed* the Defendant AAA. Defendant AAA, Ness, Brier, Woodfield, Theo and Edwards commenced the arbitration without first having a Court order for AAA arbitration which violated Plaintiff CDI due process rights.

j.   Defendants Judge Carney, Brier, Theo, Woodfield, Edwards and Ness were advised that Judge Patti Henning entered a Final Judgment finding that Defendant AAA had no jurisdiction as there was no agreement with Plaintiff CDI to arbitrate.   Judge Patti Henning ordered that Defendant AAA was enjoined from any arbitration with Plaintiff CDI. Judge Patti Henning ordered that any arbitration award not confirmed or paid was void.   The Final Judgment is attached.

k.   Notwithstanding that the Ness arbitration had not been commenced confirmed or paid at the time of Judge Patti Henning's Final Judgment, Defendant Judge Carney at the bequest of Defendants Brier, Woodfield, Theo, Edwards, Ness has ordered the arbitration to proceed before Defendant AAA.

l.   Defendant AAA has not yet agreed to arbitrate with Plaintiff CDI and Defendant Ness as such arbitration would violate Judge Patti Henning order.

46

m.    Defendant AAA has stated that it will not follow Judge Carney and ignore Judge Henning's Final Judgment, although Defendant Judge Carney has directed Defendant AAA to ignore Judge Henning's Final Judgment.

n.  Defendant Judge Carney at the direction of Defendants Brier, Woodfield, Theo, Edwards and Ness has directed that Plaintiff CDI and Defendant AAA violate Judge Patti Henning Final Judgment, which denies due process to Plaintiff CDI.

o    Judge Carney at the direction of Defendants Brier, Theo, Edwards and Ness has stated that should have ordered Judge Patti Henning to dismiss the case or vacate the Final Judgment which denies due process to Plaintiff CDI since Judge Carney has no jurisdiction to order another Judge to act  and thus Judge Carney has considered Judge Patti Henning's judgment a nullity- a total denial of due process to Plaintiff CDI.

96. <u>By failing to follow its own rules, by failing to follow the contractual terms, by failing to follow the mandates of Florida Statute 682,</u> Defendant AAA has not provided a proper forum for arbitration of the disputes between the parties all as set forth in paragraph 95 of this complaint and denied due process to Plaintiff CDI.  Defendant AAA was never a proper body to be the arbitration board as none was provided in the contract with Plaintiff CDI and had at no time any jurisdiction as confirmed by Judge Patti Henning's Final Judgment.

97. <u>By failing to follow its own rules, by failing to follow the contractual terms, by failing to follow the mandates of</u>

47

Florida Statute 682 and 9 USC, and Judge Henning's Final Judgment declaring the arbitrations void as to Plaintiff CDI, Defendant Judge Carney has not provided a proper forum for arbitration of the disputes between the parties all as set forth in paragraph 91 of this complaint and denied due process to Plaintiff CDI.   As such Judge Carney lacked the proper authority to complete his official tasks as Judge over a void arbitration as confirmed by Judge Patti Henning's Final Judgment.

98. By failing to follow its own rules, by failing to follow the contractual terms, by failing to follow the mandates of Florida Statute 682 and 9 USC, Defendant Florida Clerk has not provided a proper forum for arbitration of the disputes between the parties all as set forth in paragraph 91 of this complaint and denied due process to Plaintiff CDI.   As such Defendant Florida Clerk lacked the proper authority to complete his official tasks as the Appellate body over a void arbitration as confirmed by Judge Patti Henning's Final Judgment.

99. By failing to provide due process to Plaintiff CDI in hearings on the issues of arbitration, to compel arbitration, to determine the proper parties to arbitration, to determine the scope of the arbitrators authority, to determine the proper arbitrating body, to appoint the arbitrators pursuant to the contractual terms, Plaintiff CDI due process rights were violated by Defendant Ness, Brier, Woodfield, Theo and Edwards.

100. Plaintiff CDI are requesting this Court order that Defendant Ness abide by the terms of the parties contracts, by

Florida Statute 682, 9 USC 1-14, by the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

101.    Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendant AAA, by the Defendant AAA refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC  and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

102.    Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before Defendant Judge Carney, by Defendant Judge Carney refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

103.    Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendant Florida Clerk, by the Defendant Florida Clerk refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC  and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract

49

and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

104. Unless this Court enters an injunction stopping all legal proceedings in the State and Appellate Courts involving Plaintiff CDI and Defendant Ness Plaintiff CDI rights of due process will continue to be trampled upon, denied, ignored, violated and destroyed and Plaintiff CDI will be forced to either violate Judge Patti Henning's Final Judgment that the Defendant AAA arbitrations with Plaintiff CDI are void or Judge Carney's order to arbitrate which orders are completely at odds with each other.

105. Plaintiff CDI have no adequate remedy at law as damages for the due process denials can not be determined nor are any damages adequate to Plaintiff CDI for the due process denials that are continuing by , Defendants Judge Carney, AAA, Florida Clerk, , Ness, Brier, Theo, Woodfield and Edwards.

106. Plaintiff CDI have and are continuing to suffer irreparable harm by the denial of due process by Defendants Judge Carney, AAA, Florida Clerk, Ness, Brier, Woodfield, Theo and Edwards as they have been denied their day in Court and due process.

107. The refusal of Defendant Judge Carney, AAA, Florida Clerk, Ness, Woodfield, Brier, Theo and Edwards to adhere to Judge Patti Henning's straightforward Final Judgment is a denial of due process to Plaintiff CDI. Public Policy requires that this Court enjoin all state court proceedings and require due process to be

50

afforded to Plaintiff CDI including full faith and credit afforded to the final judgment entered by Judge Patti Henning declaring no arbitration before Defendant AAA and Plaintiff CDI, that the arbitrations are null and void with Defendants AAA and Plaintiff CDI.

WHEREFORE Plaintiff CDI CREATIVE DESPERATION, INC. F/K/A PETER LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO SYSTEMS INTERNATIONAL respectfully requests that this Court enter a temporary, preliminary and permanent injunction against Defendants AMERICAN ARBITRATION ASSOCIATION INC. a New York Corporation, DR. DOUGLAS NESS, SIMEON BRIER, ANTONIETTE THEODOSSAKOS, JUDGE ROBERT CARNEY, GARY WOODFIELD, EDWARDS ANGELL PALMER & DODGE LLP, CLERK OF COURT FOURTH DISTRICT COURT OF APPEALS FLORIDA, jointly and severally, enjoining all legal proceedings and arbitration proceedings with Plaintiff CDI, enjoining the enforcement of all arbitration awards entered without jurisdiction by Defendant AMERICAN ARBITRATION ASSOCIATION, enjoining all judgments entered against Plaintiff CDI, requiring due process to be afforded to Plaintiff CDI, to order arbitrations to be conducted in accordance with the parties contracts with Defendant AMERICAN ARBITRATION ASSOCIATION INC, to order arbitrators to be selected as the Plaintiff CDI Ness contracts require, to order that this Court oversee the arbitrations and arbitrators selections, to order that due process be afforded and guaranteed to Plaintiff CDI, court costs, and other relief as this Court deems proper.

51

COUNT IV FEDERAL CONSTITUTIONAL VIOLATIONS Plaintiff CDI-ARBITRATION-DAMAGES

Plaintiff CDI reassert and reallege paragraphs 1, 2, 4 through 10, 12, 15, 16-20, 22, 24 27-29 as if more fully set forth herein and would further allege:

108. This is an action brought for deprivation of Federal Constitutional Protection afforded to Plaintiff CDI under the 5th and 14th Amendments to the United States Constitution for damages.

109. The Plaintiff CDI and Defendant Ness are parties to contracts which require that the parties resolve their disputes by means of binding arbitration as provided pursuant to the contract terms and under the authority of the Federal Arbitration Act.

110. Defendant AAA became the arbitrating panel, which arbitrated the Defendant Ness claims. A claim is being made against Defendant AAA in this Count for damages due to their acting without any jurisdiction to due so.

111 Defendant Judge Carney was assigned to be the Judge for the state cases involving Defendant Ness. No claim is being made against Judge Carney in this Count for damages but the factual allegation is required as to the remaining Defendants for Count IV.

12. Defendant Florida Clerk was assigned to be the appellate judge for the state cases involving Defendants Ness. No claim is being made against Defendant Clerk in this Count for damages but the factual allegation is required as to the remaining Defendants

52

for Count II.

113 The Defendants Brier, Woodfield, Theo and Edwards as attorneys have acted in concert with Defendant Ness in connection with Plaintiff CDI.

114. The Defendants Brier, Woodfield Theo and Edwards have acted in concert with Defendant Ness with Defendant Judge Carney and with the Florida Clerk to assist said Defendants in their official capacities, to deprive Plaintiff CDI jointly and severally from both procedural and substantive due process rights guaranteed to Plaintiff CDI under the 5th and 14th Amendment to the United States Constitution.

115. Upon information and belief Defendants Moxon, Moxon & Kobrin and Church conspired via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, with Defendants Brier, Woodfield, Theo and Edwards to be engaged by Defendant Ness to bring the actions against Plaintiff CDI and to deprive Plaintiff CDI of their due process.

116. Upon information and belief Defendants Moxon, Moxon & Kobrin and Church conspired via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, with Defendants Brier, Theo and Edwards to be engaged by Defendant Ness to bring the actions against Plaintiff CDI and to deprive Plaintiff CDI of their due process for the avowed purpose of ruining Plaintiff CDI financially to bring them to bankruptcy and utter destruction.

117. Upon information and belief Defendants Moxon, Moxon &

53

Kobrin and Church conspired via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, with Defendants Brier, Woodfield, Theo and Edwards to be engaged by Defendant Ness to bring the actions against Plaintiff CDI and to deprive Plaintiff CDI of their due process by carefully selecting the attorneys for Defendant Ness, by directing their actions, by assisting in the legal expense for Defendant Ness for the avowed purpose of ruining Plaintiff CDI financially to bring them to bankruptcy and utter destruction.

118. Plaintiff CDI have never had their contracts with Defendant Ness reviewed, enforced or contested in the manner that the contracts were required to be considered by having neutral arbitrators appointed according to the contract terms, by having an arbitration board selected by Plaintiff CDI and Defendants Ness consider the issues, where the issues were to be addressed pursuant to the contract terms.

119. Defendants Moxon, Moxon & Kobrin, Church conspired via their 3-decade-long and continued relationship with Private Investigator Eugene Ingram and by other means, with Defendant Ness, Brier and Theo to deny Plaintiff CDI due process by falsely denying Plaintiff Peter Letterese a day in Court and denying to him systematically any due process rights.

120. 9 USC 2 and its counterpart Florida Statute 682.02 also provides that the agreement requiring arbitration must be adhered to by the parties to the contract. Defendants Judge Carney, Florida Clerk, AAA in their official capacities, Brier, Theo,

Woodfield, Edwards, Ness with the direction, guidance and financial support of Defendants Moxon, Moxon & Kobrin and Church have systematically and continually ignored the contractual terms and conditions as to the dispute resolution and by their actions said Defendants have continued to deprive Plaintiff CDI of due process for a hearing before a neutral agreed upon arbitrator which was not Defendant AAA, a hearing before a neutral Judge a review before a neutral appellate court which was denied as well without a hearing or consideration of the merits.

121. Florida Statute 682.03 (3) and 9 USC 4 each provide a Court may stay an arbitration proceeding commenced or about to commenced if the Court finds that no agreement to arbitrate <u>subject to this law exists between the parties and to the parties agreement</u>,(emphasis supplied). These statutes further provide for due process to be heard which due process was denied to Plaintiff CDI by , Defendant Judge Carney, Ness, AAA, Florida Clerk, Edwards, Brier, Woodfield and Theo.

122. Defendant AAA Commercial Rules of Arbitration R-1 provide further that the parties contract shall control over any provisions of the Commercial Rules of Arbitration.

123. In the contracts between Plaintiff CDI and Defendant Ness the parties stipulated to the following varying provisions for the arbitration for which the Defendant Ness have contractually agreed to abide and for which Defendant AAA under Rule R-1 attached hereto is also obligated to follow:

a. The Arbitrator shall not have the power to change the

venue as prescribed in the agreement.

b.    Each of the parties shall designate an arbitrator who shall be actively practicing his business or profession and shall have a minimum of ten (10) years experience in the business or profession.   The two (2) arbitrators thus selected shall select a third   arbitrator who shall have the same qualifications. The three (3) arbitrators thus selected shall constitute the panel of arbitrators.  A decision in the arbitration shall be by a majority vote of the arbitrators.

c. The Arbitrators shall follow Florida law in determining the arbitration.

d.  In rendering award, the arbitrators shall specify the facts as found by them, the grounds for their decision; and their conclusions on the law applicable to the decision.

e.  Except  as  otherwise  provided  in  this  paragraph  [the contract],  Chapter  682  Florida  Statutes  shall  apply  to  the arbitration.

f. Evidence by affidavit shall not be accepted. Chapter 90 Florida Statutes [Evidence Code] shall apply to the admission and rejection of evidence.

g. If a party attempts to contest, modify or circumvent this paragraph, the other party shall be entitled to attorney fees and all expenses reasonably incurred in enforcing this paragraph [the contract]. The parties agree that any and all disputes of any kind by and between these parties shall be resolved exclusively by arbitration.  This  shall  include  any  contract  disputes,  tort

56

disputes  and claims of any kind.

124.  Defendants AAA, Ness, their agents Brier, Theo and Edwards, aided and guided and conspired with by Defendants Moxon, Moxon & Kobrin and Church have each failed and refused to abide by the terms of Plaintiff CDI contract with Defendants Ness and denied due process to Plaintiff CDI as Plaintiff CDI were protected by the 5th and 14th Amendments to the United States Constitution in that:

a.  Defendant AAA has never incorporated and refused to incorporate any of the terms set forth in this complaint above into their procedures in the arbitration cases filed by the said Defendants against the Plaintiff CDI.

b.  Neither the Defendant AAA or its self appointed arbitrators read or reviewed or read the terms set forth in the complaint which terms are set forth in the contracts attached hereto.

c. Defendant AAA provided to the parties a list of their own arbitrators and demanded that the parties choose from the arbitrators by number as opposed to following the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15.

d. Neither Defendant Judge Carney nor the Defendant Florida Clerk followed the contractual terms that the parties select one arbitrator with the minimum of ten (10) years experience and be in active practice contrary to AAA Commercial Rule R-15 and further

57

denied due process to Plaintiff CDI to consider this issue on the merits or permit a full hearing on same.   In fact Defendant Clerk refused to hear the issue in any matter on the merits.

e. AAA Commercial Rule R-12 provides Defendant AAA may select or appoint arbitrators which said rule is contrary to the parties contract and contrary to Florida Statute 682.04 and 9 USC 5 which provides if the parties do not follow their contract, the Court and not Defendant AAA must appoint arbitrator which the Defendant AAA has performed in violation of the parties contract and Florida Statute 682.04 and 9 USC 5.   Defendants Ness, Brier, Theo and Edwards, and Florida Clerk, which violated due process rights to have a hearing before three (3) neutral arbitrators in accordance with the Contract.

f.   The arbitrators followed the Defendant AAA *laws* and not Florida law in violation of the contractual terms in selecting arbitrators and venue and which violated due process rights to have a hearing before three (3) neutral arbitrators.

g. AAA Commercial Rule R-31 provides that the Rules of Evidence are not mandatory, but the parties contract requires that the Arbitrators follow Florida Statute 90 evidence code. Defendants Florida Clerk, AAA, Brier, Theo, Woodfield, Edwards, and Ness violated this due process right.

h. AAA Commercial Rule R-7 usurps the Court's authority under Florida Statute 682.03 and 9 USC 4 to determine whether to compel or stay arbitration and thus violates both Florida law, Plaintiff CDI due process rights and the parties contract as has been

performed by the Defendant AAA requiring Plaintiff CDI to arbitrate. Defendants Florida Clerk, AAA, Brier, Woodfield, Theo, Edwards, and Ness violated this due process right.

i. Defendants AAA, Brier, Woodfield, Theo, Ness denied Plaintiff CDI the right to be heard and to have due process where AAA Commercial Rules R-1 and Rule R-2 are in conflict between them. AAA Commercial Rule R-1 pointedly advises contractual parties precisely how to expressly provide for Arbitration before Defendant AAA, but AAA Commercial Rule R-2 then contradictorily and confusingly states in derogation of FS 682 and 9 USC, differently that if the parties arbitration agreement provides to arbitrate saying no more than it will be "using the AAA rules" (which are published freely, for free and openly on the Internet), the parties have in doing so "automatically and irrevocably" *appointed* the Defendant AAA. Defendant AAA, Ness, Brier, Theo and Edwards commenced the arbitration without first having a Court order for AAA arbitration which violated Plaintiff CDI due process rights.

j. Defendants Judge Carney, Brier, Theo, Edwards, Ness were advised that Judge Patti Henning entered a Final Judgment finding that Defendant AAA had no jurisdiction as there was no agreement with Plaintiff CDI to arbitrate. Judge Patti Henning ordered that Defendant AAA was enjoined from any arbitration with Plaintiff CDI. Judge Patti Henning ordered that any arbitration award not confirmed or paid was void. The Final Judgment is attached.

k. Notwithstanding that the Ness arbitration had not been

59

commenced, confirmed or paid at the time of Judge Patti Henning's Final Judgment, Defendant Judge Carney at the bequest of Defendants Brier, Theo, Woodfield, Edwards, Ness has ordered the arbitration to proceed before Defendant AAA.

l. Defendant AAA has not yet agreed to arbitrate with Plaintiff CDI and Defendant Ness as such arbitration would violate Judge Patti Henning order.

m. Defendant Judge Carney at the direction of Defendants Brier, Theo, Edwards and Ness has directed that Plaintiff CDI and Defendant AAA violate Judge Patti Henning Final Judgment, which denies due process to Plaintiff CDI.

n. Judge Carney at the direction of Defendants Brier, Theo, Edwards and Ness has stated that should have ordered Judge Patti Henning to dismiss the case or vacate the Final Judgment which denies due process to Plaintiff CDI since Judge Carney has no jurisdiction to order another Judge to act and thus Judge Carney has considered Judge Patti Henning's judgment a nullity - a total denial of due process to Plaintiff CDI.

125. By failing to provide due process to Plaintiff CDI in hearings on the issues of arbitration, to compel arbitration, to determine the proper parties to arbitration, to determine the scope of the arbitrators authority, to determine the proper arbitrating body, to appoint the arbitrators pursuant to the contractual terms, Plaintiff CDI due process rights were violated by Defendant Ness, Brier, Theo and Edwards and with the guidance, assistance and conspiracy actions of Defendants Moxon, Moxon &

60

Kobrin and Church.

126.   Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendant AAA, by the Defendant AAA refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC  and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

127.   Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendant Judge Carney, by Defendant Judge Carney's partial refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC  and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

128.   Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendant Florida Clerk, by the Defendant Florida Clerk refusal to follow the parties contract, failure to follow Florida Statute 682, 9 USC  and failure to follow the Commercial Arbitration Code of the AAA as modified by the parties contract and as controlled by Florida Statute 682 all as more fully set forth in this complaint.

129. Plaintiff CDI have suffered damages which damages are

continuing in nature by the repeated denial of due process caused
by Defendants Moxon, Moxon & Kobrin, Church, Brier, Theo, Edwards,
AAA, Ness including but not limited to:

    a. loss of income.

    b. loss of reputation.

    c. entry of wholly contrary judgments, which were without due
process.

    d. loss of business.

    e. credit damaged.

    f. to file bankruptcy

    g. loss of respect in the legal, dental and Church community

    h. to be terrorized.

    i. incurring legal fees to defend any arbitration and to
vacate same.

    j. preparing for an arbitration, which is plainly void due to
the Defendant AAA refusal to incorporate the contract terms to the
Commercial Rules of Arbitration and refusing to incorporate the
requirements of Florida Statute 682 to the Commercial Rules of
Arbitration.

    k. damaging the reputation of the Plaintiff CDI as a service
provider in the dental medical field if Plaintiff CDI are required
to participate in an arbitration, which is void.

    l. causing more customers of the Plaintiff CDI to seek to
bring improper arbitration claims before the Defendant AAA.

    m. forcing the Plaintiff CDI to contravene its own contracts
terms of arbitration.

62

n. causing the Plaintiff CDI contracts to be unilaterally varied such that Defendants and others may ignore the contracts with impunity.

WHEREFORE Plaintiff CREATIVE DESPERATION, INC. F/K/A PETER LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO SYSTEMS INTERNATIONAL respectfully requests that this Court enter a compensatory judgment jointly and severally, against Defendants KENDRICK MOXON, MOXON AND KOBRIN PA, CHURCH OF SCIENTOLOGY, AMERICAN ARBITRATION ASSOCIATION INC. a New York Corporation, DR. DOUGLAS NESS, SIMEON BRIER, ANTONIETTE THEODOSSAKOS, GARY WOODFIELD, EDWARDS ANGELL PALMER & DODGE LLP, interest, court costs, and other relief as this Court deems proper.

COUNT V FEDERAL CONSTITUTIONAL VIOLATIONS PLAINTIFF CDI- CIVIL DAMAGES-INJUNCTIVE RELIEF

Plaintiffs reassert and reallege paragraphs 1, 3, 4, 5, 6, 8, 9 ,10, 11, 12, 23, 24, 25, 26, 27, 28, and 29 as if more fully set forth herein and would further allege:

130. This is an action brought for deprivation of Federal Constitutional Protection afforded to Plaintiff CDI under the 5th and 14th Amendments to the United States Constitution for injunctive relief.

131. Plaintiff CDI has filed claims against Defendant Church, which Defendant Bridge joined in concerning a copyright that was

63

owned at the time by Plaintiff CDI to a book authored by Les Dane.

132.    Plaintiff   CDI   attempted   to   agree   to   a   one-year moratorium with Defendant Church and all of its affiliates to seek to   resolve   the   copyright   issues   as   attached   hereto   through counsel.

133. Shortly after a letter agreement was executed solely by counsel,  it  became  known  to  Plaintiff  CDI  that  counsel  for Defendant Church and all of its affiliates lacked the authority to enter into a binding agreement on behalf of all of the Defendant Church affiliates.

134.  Defendant  Moxon  and  Moxon  and  Kobrin  undertook  to represent the Defendant Church against Plaintiff CDI.

135. Plaintiff CDI filed  suit in California Superior Court in and for Los Angeles County against the Church and all of its affiliates to seek a declaratory judgment whether Plaintiff CDI and Defendant Church and its affiliates had a binding agreement.

136. Defendant Judge Chirlin was assigned to be the Judge to handle  the  State  case  involving  Defendants  Church  and  its affiliates, and Bridge and Plaintiff CDI.

137.  Defendant  California  Clerk  was  assigned  to  be  the appellate court for the state case involving Defendants Church, Church Affiliates, and Bridge and Plaintiff CDI.

138. The Defendants Moxon and Moxon & Kobrin have acted in concert  with  Defendants  Church,  Bridge  with  Defendant  Judge Chirlin and with the California Clerk to deprive procedural and substantive due process rights guaranteed to Plaintiff CDI under

64

the 5th and 14th Amendment to the United States Constitution.

139. Plaintiff CDI have never had their dispute determined by a Court of competent jurisdiction consider the seminal issue of whether there was a standstill contract between Plaintiff CDI and Defendants Church and Bridge.

140. Defendants Moxon and Moxon and Kobrin have admitted as agents of Defendant Church in a declaration filed with Defendant Judge Chirlin that no such agreement existed as attached hereto which representation was not claimed throughout the litigation until May 2008.

141. The actions of Defendants Moxon, Moxon & Kobrin, Church and Bridge in claiming a binding standstill agreement existed with Plaintiff CDI to bar Plaintiff CDI's declaratory judgment, when in fact at all times, Defendants Moxon, Moxon & Kobrin, Church and Bridge knew that no such agreement existed constitutes a fraud upon the Court to prevent Plaintiff CDI from having the issues of the declaratory relief ever considered.

> 142. Defendant Judge Chirlin has refused to consider this issue of fraud and thus has continued to deny due process to Plaintiff CDI.
>
> 143. Defendants Moxon, Moxon & Kobrin, Church and Bridge have sought to domesticate the California rulings by Defendant Chirlin in Florida.
>
> 144. At no time however, have Defendants Moxon, Moxon & Kobrin, Church and Bridge domesticated the judgment in Florida.

145.    Defendant Judge Goldstein was assigned to be the Judge in Florida for the domestication issues.

146.    Defendant Judge Goldstein was requested to hold hearings in Florida to determine:

   a. Claims of Plaintiff CDI that the judgment in fact has been satisfied.

   b. Claims of Plaintiff CDI that the judgment is void in Florida as the judgment was never registered.

   c. Claims of Plaintiff to seek a declaratory judgment of its rights have not been granted any hearing by Defendant Judge Goldstein.

   d. Claims of Plaintiff CDI that the testimony and document production would violate the 5th and 14th Amendments of self-incrimination were not conducted.

   e. Claims that the IRS regulations would not permit a bond to be posted.

   f. Claims that a stay of execution should be entered based upon the California appeal.

147.    Defendant Judge Goldstein failed and refused to conduct any evidentiary hearing on any of the above issues despite request of same from Plaintiff CDI.

148.    The California Clerk has failed and refused to stay the final judgment.

149.    The Florida Clerk has failed and refused to conduct a hearing or enter a written decision on the issues appealed.

66

150.    Defendants Moxon, Moxon & Kobrin, Church, Bridge and
Judge Chirlin, Judge Goldstein, Florida Clerk and
California Clerk have each failed and refused to abide
by the terms of Plaintiff CDI contested contractual
standstill agreement with Defendant Church and have
denied due process to Plaintiff CDI as Plaintiff CDI
were protected by the 5th and 14th Amendments to the
United States Constitution as alleged in paragraphs
139 through 149 above.

151. <u>By failing to follow its own rules, by failing to
consider the issues presented both before the California Court and
Florida Court, the Defendants Moxon, Moxon & Kobrin, Church ,
Bridge, Judge Chirlin, Judge Goldstein, Florida Clerk and
California Clerk have each</u> denied due process to Plaintiff CDI of
the right to be heard and have been denied access to the Courts.

152. By failing to provide due process to Plaintiff CDI in
hearings on the issues of declaratory judgment, fraud on the Court
and stays in California, and evidentiary hearings and right to be
heard in Florida, Plaintiff CDI due process rights were violated
by Defendants Moxon, Moxon & Kobrin, Church, Bridge, Judge
Chirlin, Judge Goldstein, Florida  Clerk and California Clerk.

153. Plaintiff CDI are requesting this Court, to order that
Defendants Moxon, Moxon  & Kobrin, Church, Bridge, Judge Chirlin
and California Clerk conduct hearings on the issues of the
validity of the standstill contract and fraud upon the Court as
more fully set forth in this complaint.

67

154. Plaintiff CDI is requesting this Court, to order that Defendants Moxon, Moxon & Kobrin, Church, Bridge, Judge Goldstein and Florida Clerk conduct hearings on the issues of the validity of the registration in Florida of the California judgment, evidentiary hearings of payment, declaratory judgment, right against self incrimination and stay of the judgment pending appeal.

155. Plaintiff CDI has not secured a hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendants Chirlin and Goldstein, Florida Clerk and California Clerk all as more fully set forth in this complaint.

156. Unless this Court enters an injunction stopping all legal proceedings in the State and Appellate Courts in both Florida and California, involving Plaintiff CDI and Defendants Church and Bridge, Plaintiff CDI rights of due process will continue to be trampled upon, denied, ignored, violated and destroyed.

157. Plaintiff CDI have no adequate remedy at law as damages for the due process denials can not be determined nor are any damages adequate to Plaintiff CDI for the due process denials that are continuing by, Defendants Judge Chirlin, Judge Goldstein, California Clerk, Florida Clerk, Moxon, Moxon & Kobrin, Church and Bridge.

158. Plaintiff CDI have and are continuing to suffer irreparable harm by the denial of due process by Defendants Judge Chirlin, Judge Goldstein, Florida Clerk, California Clerk, Moxon,

Moxon & Kobrin, Church and Bridge as they have been denied their day in Court and any due process.

158. The refusal of Defendants Judge Chirlin, Judge Goldstein, Florida Clerk, California Clerk, Church, Bridge, Moxon Moxon & Kobrin, to provide due process and to deny due process to Plaintiff CDI against Public Policy. This Court in the interests of Public Policy to provide all citizens due process, must enjoin all state court proceedings and require due process to be afforded to Plaintiff CDI on all issues as set forth in paragraphs 139-149 herein to conduct hearings and afford the right to be heard.

WHEREFORE Plaintiff CDI CREATIVE DESPERATION, INC. F/K/A PETER LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO SYSTEMS INTERNATIONAL respectfully requests that this Court enter a temporary, preliminary and permanent injunction against Defendants JUDGE JUDITH CHIRLIN, JUDGE BARRY GOLDSTEIN, CHURCH OF SCIENTOLOGY INTERNATIONAL, KENDRICK MOXON, MOXON AND KOBRIN PA. BRIDGE PUBLICATIONS INC. CLERK OF THE COURT FOURTH DISTRICT COURT OF APPEALS FLORIDA, CLERK OF THE COURT CENTRAL DISTRICT APPEALS CALIFORNIA, jointly and severally, enjoining all legal proceedings and arbitration proceedings with Plaintiff CDI, enjoining the enforcement of judgments in California and Florida requiring due process to be afforded to Plaintiff CDI, to order hearings to be conducted in accordance with law, to order that due process be afforded and guaranteed to Plaintiff CDI, court costs, and other relief as this Court deems proper.

69

COUNT VI FEDERAL CONSTITUTIONAL VIOLATIONS Plaintiff CDI- CIVIL-
DAMAGES

Plaintiff CDI reassert and reallege paragraphs 1, 2, 4 5,6,
8, 9, 10, 11 12, 25 through 29 as if more fully set forth herein
and would further allege:

159. This is an action brought for deprivation of Federal
Constitutional Protection afforded to Plaintiff CDI under the 5th
and 14th Amendments to the United States Constitution for damages.

160. Plaintiff CDI has filed claims against Defendant Church,
which Defendant Bridge joined in concerning a copyright that was
owned at the time by Plaintiff CDI to a book authored by Les Dane.

161. Plaintiff CDI attempted to agree to a one-year
moratorium with Defendant Church and all of its affiliates to seek
to resolve the copyright issues as attached hereto through
counsel.

162. Shortly after a letter agreement was executed solely by
counsel, it became known to Plaintiff CDI that counsel for
Defendant Church and all of its affiliates lacked the authority to
enter into a binding agreement on behalf of all of the Defendant
Church affiliates.

163. Defendant Moxon and Moxon and Kobrin undertook to
represent the Defendant Church against Plaintiff CDI.

164. Plaintiff CDI filed  suit in California Superior Court
in and for Los Angeles County against the Church and all of its
affiliates to seek a declaratory judgment whether Plaintiff CDI
and Defendant Church and its affiliates had a binding agreement.

70

165. Defendant Judge Chirlin was assigned to be the Judge to handle the California State case involving Plaintiff CDI, Defendants Church, Church Affiliates, and Bridge. No claim is being made under this Count for damages against Defendant Judge Chirlin.

166. Defendant California Clerk was assigned to be the appellate court for the state case involving Defendants Church, Church Affiliates and Bridge and Plaintiff CDI. No claim is being made under this Count against Defendant California Clerk.

167. The actions of Defendants Moxon, Moxon & Kobrin, Church and Bridge in claiming a binding standstill agreement existed with Plaintiff CDI to bar Plaintiff CDI's declaratory judgment, when in fact at all times, Defendants Moxon, Moxon & Kobrin, Church and Bridge knew that no such agreement existed constitutes a fraud upon the Court to prevent Plaintiff CDI from having the issues of the declaratory relief ever considered.

168. Defendants Moxon and Moxon and Kobrin have admitted as agents of Defendant Church in a declaration filed with Defendant Judge Chirlin that no such agreement existed as attached hereto which representation was not claimed throughout the litigation until May 2008.

169. The actions of Defendants Moxon, Moxon & Kobrin, Church and Bridge in claiming a binding standstill agreement existed with Plaintiff CDI to bar Plaintiff CDI's declaratory judgment, when in fact at all times, Defendants Moxon, Moxon & Kobrin, Church and Bridge knew that no such agreement existed constitutes a fraud

71

upon the Court to prevent Plaintiff CDI from having the issues of the declaratory relief ever considered.

170. Defendant Judge Chirlin has refused to consider this issue of fraud and thus has continued to deny due process to Plaintiff CDI.

171. Defendants Moxon, Moxon & Kobrin, Church and Bridge have sought to domesticate the California rulings by Defendant Chirlin in Florida.

172. At no time however, have Defendants Moxon, Moxon & Kobrin, Church and Bridge domesticated the judgment in Florida.

173. Defendant Judge Goldstein was assigned to be the Judge in Florida for the domestication issues. No claims are being asserted in this Count for damages against Defendant Goldstein.

174. Defendant Judge Goldstein was requested to hold hearings in Florida to determine:

a. Claims of Plaintiff CDI that the judgment in fact has been satisfied.

b. Claims of Plaintiff CDI that the judgment is void in Florida as the judgment was never registered.

c. Claims of Plaintiff to seek a declaratory judgment of its rights have not been granted any hearing by Defendant Judge Goldstein.

d. Claims of Plaintiff CDI that the testimony and document production would violate the 5th and 14th

Amendments of self-incrimination were not conducted.

e. Claims that the IRS regulations would not permit a
bond to be posted.

f. Claims that a stay of execution should be entered
based upon the California appeal.

175. Defendant Judge Goldstein failed and refused to conduct
any evidentiary hearing on any of the above issues
despite request of same from Plaintiff CDI.

176. The California Clerk has failed and refused to stay the
final judgment.

177. The Florida Clerk has failed and refused to conduct a
hearing or enter a written decision on the issues
appealed. No claim is being asserted in this Count for
damages against Florida Clerk.

178. Defendants Moxon, Moxon & Kobrin, Church, Bridge and
Judge Chirlin, Judge Goldstein, Florida Clerk and
California Clerk have each failed and refused to abide
by the terms of Plaintiff CDI contested contractual
standstill agreement with Defendant Church and have
denied due process to Plaintiff CDI as Plaintiff CDI
were protected by the 5th and 14th Amendments to the
United States Constitution as alleged in paragraphs 139
through 149 above.

179. By failing to follow its own rules, by failing to
consider the issues presented both before the California Court and
Florida Court, the Defendants Moxon, Moxon & Kobrin, Church ,

<u>Bridge, Judge Chirlin, Judge Goldstein, Florida Clerk and California Clerk have each</u> denied due process to Plaintiff CDI of the right to be heard and have been denied access to the Courts.

180. By failing to provide due process to Plaintiff CDI in hearings on the issues of declaratory judgment, fraud on the Court and stays in California, and evidentiary hearings and right to be heard in Florida, Plaintiff CDI due process rights were violated by Defendants Moxon, Moxon & Kobrin, Church, Bridge, Judge Chirlin, Judge Goldstein, Florida Clerk and California Clerk.

181. Plaintiff CDI have never had their dispute determined by a Court of competent jurisdiction consider the seminal issue of whether there was a standstill contract between Plaintiff CDI and Defendants Church and Bridge.

182 Defendants Moxon and Moxon and Kobrin have admitted as agents of Defendant Church in a declaration filed with Defendant Judge Chirlin that no such agreement existed as attached hereto which representation was not claimed throughout the litigation until May 2008.

183. The actions of Defendants Moxon, Moxon & Kobrin, Church and Bridge in claiming a binding standstill agreement existed with Plaintiff CDI is a fraud upon the Court and upon Plaintiff CDI.

194. Plaintiff CDI have not secured a fair and impartial hearing as mandated by due process rights afforded to Plaintiff CDI, before the Defendant Judge Chirlin, California Clerk, Judge Goldstein or Florida Clerk for basis due process rights to be heard and for the issues to be considered.

74

195. Plaintiff CDI has substantial rights to enforce against Defendant Church and Church Affiliates and Bridge Publication with respect to its rights against them relating to Les Dane book which rights have never been adjudicated and which rights have never been afforded basic hearing and due process.

196. Plaintiff CDI have suffered damages which damages are continuing in nature by the repeated denial of due process caused by Defendants Moxon, Moxon & Kobrin, Church, Bridge including but not limited to:

a. loss of income.

b. loss of reputation.

c. failure to have the issues set forth in paragraphs 139-149 heard.

d. loss of business.

e. credit damaged.

f. to file bankruptcy

g. loss of respect in the legal, dental and Church community

h. to be terrorized.

i. incurring legal fees to defend any arbitration and to vacate same.

j. damaging the reputation of the Plaintiff CDI as a service provider in the dental medical field if Plaintiff CDI.

k. causing more customers of the Plaintiff CDI to seek to bring improper arbitration claims before the Defendant AAA.

75

l.  forcing the Plaintiff CDI to be deprived of its rights against Defendant Church and Bridge

m. loss of rights to enforce the Les Dane contract.

WHEREFORE Plaintiff CREATIVE DESPERATION, INC. F/K/A PETER LETTERESE & ASSOCIATES, INC. a Florida Corporation D/B/A GALILEO SYSTEMS INTERNATIONAL respectfully requests that this Court enter a compensatory judgment jointly and severally, against Defendants KENDRICK MOXON, MOXON AND KOBRIN PA, CHURCH OF SCIENTOLOGY, BRIDGE PUBLICATION INC, interest, court costs, and other relief as this Court deems proper.

```
                        CHARLES D. FRANKEN PA
                        Attorney for Plaintiff
                        8181 W. Broward Blvd
                        Suite 360
                        Plantation, Fl 33324
                        Tel (954) 476-7200
                        Fax (954) 424-0297

            By:_____
                  CHARLES D. FRANKEN 224251
```

76

**GALILEO® SYSTEMS INTERNATIONAL**
4919 SW 148 Ave * Davie, FL 33330
Tel: 954-434-4568 * Fax: 954-434-7152
Email: info@galileotraining.com

Galileo® Advanced Management
Mentoring 2003 5-Year Program™



# ADVANCED MANAGEMENT MENTORING 2003 5-Year STANDARD CONTRACT
### (Including Money-Back Guarantee)

| | |
|---|---|
| Practice Address | SCHWARTZ DENTAL PRACTICE<br>1600 El Camino Real, Suite A<br>Belmont, CA 94002 |
| Principal | Dr. Marc A. Schwartz |

## 1. Program Purpose:

Galileo® Systems International (GSI) delivers The Galileo® Advanced Management Mentoring Program™ to Dentists desirous of extraordinary practice improvement. Specific to Dr. Schwartz, this Management Mentoring Program is intended to directly increase, enhance and stabilize Dr. Schwartz's knowledge, responsibility and control with respect to his Dental Practice.

> Please Note: This Agreement has been specifically typeset in larger print to make it easier to read and understand. This typesetting accommodation by necessity increases the number of physical pages of the Agreement. Additionally, an effort has been made to use simple English wherever possible and to eliminate and avoid confusing legal language. It is an element of GSI Enrollment Policy that an authorized representative review this Agreement on first reading by the Applicant to ensure clarity to the greatest degree possible.

Standard Contract for The Galileo® Advanced Management Mentoring 5-Year Program ™

# 2. Program Orientation:

Galileo® Advanced Management Mentoring fees are non-refundable except in the case of Galileo® Systems International's complete refusal to perform simultaneously accompanied by non-performance by Galileo® Systems International. Galileo® Advanced Management Mentoring is not responsible for client failure to provide required cooperation or application of materials.

This fee non-refundability clause is specially amended for Dr. Schwartz, but strictly according to the SPECIAL TERMS near the end of this contract document.  It is herein asserted by both Dr. Schwartz and Galileo® Systems International that they are creating this agreement with every intention that it be successfully consummated and not result in a refund request under its exact terms, but instead result in services rendered which are considered by Dr. Schwartz equal to or greater in value than the fee paid.  Both parties, by entering into this agreement, assert that they do so knowingly and in good faith.

Copyright © 2003. Galileo® Systems International.  All Rights Reserved.

# 3. Advanced Management Mentoring Components & Parameters (Daily/Weekly Contact) ...

## Galileo® Systems International
## Advanced Management & Mentoring
## For Five (5) Calendar Years Includes:

**1.** Creating & Maintaining a Maximally Insurance-Independent Dental Practice
**2.** Strategic Performance-Improvement Training™
**3.** Perfect Application of The Technology of Selling®)



# 4. Client Cooperation

is required so that Galileo® Advanced Management Mentoring can obtain the best possible results in the quickest amount of time, so that no time is wasted by either side.

**Cooperation** regarding receipt of services is herein defined in intentionally simple, straightforward terms:

Copyright © 2003. Galileo® Systems International. All Rights Reserved.

1) The client taking reasonable steps to clarify any and all Advanced Management Mentoring provided,

2) The client making reasonable efforts to follow all instructions, once clarified,

3) The client honestly communicating to Galileo® Systems International in Florida any and all difficulties that may arise while making the effort to learn the material taught; and

4) The client attending training sessions which shall be scheduled to the greatest degree possible so as to not interrupt the client's work or personal schedule.

5) Galileo® Advanced Management Mentoring expects its clients to collect and forward data required in a timely manner and Dr. Schwartz hereby agrees to collect the data required and deliver it by fax and e-mail to Galileo® Systems International in Florida on a regular and timely basis, as outlined in the Galileo® Advanced Management Mentoring Program materials. Dr. Schwartz further agrees to schedule and attend long-distance consultations with the GSI Offices in Florida.

**Cooperation**, for purposes of enrollment and admission in the Management Mentoring Program is further defined as follows: Dr. Schwartz herein specifically acknowledges his understanding that the enrollment requirements of the Galileo® Advanced Management Mentoring program includes his agreement to the following:

Copyright © 2003. Galileo® Systems International. All Rights Reserved.